IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELVIN HALL, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-22-00648 |
| CHARDAN, LLC, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Petitioner Melvin Hall, who is self-represented, filed this employment law action against his former employer, CharDan, LLC. ECF 4. Discovery is now concluded and CharDan has filed a motion for summary judgment. ECF 22. The motion is fully briefed, ECF 24, 25, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, CharDan's motion will be granted.

I. **BACKGROUND**

Hall began working as a fry cook at a CharDan entity, Dan's Restaurant & Tap House, in or around June, 2019. ECF 22-3 at 88, 227. He worked there until he burned his hand on November 11, 2019 and received workers' compensation for the injury. *Id.* at 61, 150. Hall claims that during his approximately 5-month tenure working for CharDan, he received a lower hourly wage than had been promised to him and experienced harassment by co-workers. *Id.* at 82–83, 108–21, 172, 229. He also did not receive a promotion from fry cook to working the grill. *Id.* at 102, 174–76. During his tenure at the restaurant, his co-workers harassed him by turning off his panini machine and stealing his headphones. *Id.* at 105–21. They also referred to one of his co-workers as "Black

Brandon," which Hall found offensive. *Id.* at 165–66. Hall complained to the owner of the restaurant, who stated there was nothing to be done. *Id.* at 64, 124–25.

In February, 2021, nearly eighteen months after Hall left CharDan, someone texted Hall a photograph depicting racist imagery. ECF 24-1. He attributes the photograph to his former co-workers. ECF 24. Hall also now alleges that one of his co-workers came past his home on September 7 and September 8, 2021, taunting him in an unspecified manner while he was on his porch. ECF 24-1.

Hall filed a charge of discrimination with the EEOC on October 7, 2021. ECF 22-2. The EEOC dismissed the charge on November 4, 2021, finding it untimely.  ECF 22-4.

## II.     LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)).  If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial.  *Id.*  The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)).  The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).  Moreover, a genuine issue of material fact

cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In reviewing this motion, the Court also considers Hall's self-represented status. In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a *pro se* plaintiff's pleadings and motions must be liberally construed. *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that writings by self-represented complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). Although the Court applies that more liberal standard in reviewing a self-represented plaintiff's response to a defendant's summary judgment motion, the plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" to be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

### III.   ANALYSIS

Hall's Complaint asserted four claims pursuant to Title VII of the Civil Rights Act: hostile work environment; unequal pay; race/color discrimination; and retaliation, specifically "consistent transferring by management to positions less desirable than the one he was hired to perform." ECF 4 at 5.

Hall's claims are untimely.  Title VII requires that a claimant first file a timely charge with the EEOC.  42 U.S.C. § 2000e-5(e)(1).  Maryland is a "deferral" state, meaning that a Title VII plaintiff must file an EEOC charge within 300 days of the alleged discriminatory conduct. *Karim v. Staples, Inc.*, 210 F. Supp. 2d 737, 748 (D. Md. 2002).  Failure to file the EEOC charge within the required period is fatal to the claim. *AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002).

Here, Hall's last day of employment was November 11, 2019.  He did not file his charge until October 7, 2021, more than six hundred days after his last day of employment.  He attempts to salvage his claim by suggesting that in February, 2021, someone texted him a racist picture allegedly created by former CharDan co-workers, and that in September, 2021, an unspecified former co-worker "taunted" him on his porch.  Even assuming Hall had adduced sufficient evidence to prove that those incidents occurred, they would not re-start the clock for filing a charge alleging hostile work environment.  Such a claim requires, in relevant part, evidence of conduct "severe or pervasive enough to make [his] work environment hostile or abusive." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (internal citation omitted).  By 2021, Hall no longer worked at the restaurant and had no work environment, despite his continued receipt of workers' compensation benefits in his home. Whether or not he would still be considered an "employee" in other legal contexts does not transform his residence into a "work environment" when he is not performing any work. Additionally, the incidents, occurring nearly a year-and-a-half after Hall's

departure from the restaurant, had no connection to any other alleged actions that may have occurred during his employment. *See Morgan*, 536 U.S. 118 (explaining that an incident occurring well after other conduct "was no longer part of the same hostile environment claim"). Moreover, there is no evidence to connect CharDan, the employer/supervisor, to the 2021 conduct by individuals who had worked in its restaurant a year and a half earlier. *See Ocheltree v. Scollon Prods., Inc.*, 335 F. 3d 325, 333–34 (4th Cir. 2003) (noting that an employer is only liable if it "knew or should have known about the harassment and failed to stop it"). Here, there is no evidence suggesting those individuals' continued employment by CharDan in 2021, never mind CharDan's knowledge of the individuals' conduct outside of the workplace. The 2021 incidents, then, cannot form the basis of a workplace discrimination claim. Accordingly, Hall did not timely file an EEOC charge alleging discrimination within 300 days of any alleged discrimination during his period of employment, and summary judgment must be granted for CharDan.

This Court notes that Hall's opposition to the summary judgment motion appears to include some arguments regarding plagiarism of a T-shirt design and some other workers' compensation issues. Those issues have not been adjudicated in this action, as they were not included in Hall's Complaint. ECF 4.

## IV. CONCLUSION

For the reasons stated above, CharDan's Motion for Summary Judgment, ECF 22, will be GRANTED. Judgment will be entered for Defendant as to all of Plaintiff's Title VII claims and this case will be CLOSED.

A separate Order follows.

Dated: December 12, 2022              /s/
                                      Stephanie A. Gallagher
                                      United States District Judge